UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 11-328-JBC

DEWEY JOSEPH,                                                                                       PLAINTIFF,

V.                           **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                              DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Dewey Joseph's appeal from the Commissioner's denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion, R. 18, and deny Joseph's motion, R. 17, because substantial evidence supports the administrative decision.

At his alleged disability onset date, Joseph was a 44-year-old male with a ninth-grade education who had work experience as a shuttle-car operator in a coal mine. AR 85, 86, 279. He alleged disability beginning January 26, 2007, due to chest pain, carpal tunnel syndrome, breathing problems, lower back pain, and arthritis in his hands and elbows. AR 316. He filed his applications on February 6, 2007, and after several administrative denials and appeals, Administrative Law Judge ("ALJ") Ronald M. Kayser issued a decision on May 23, 2011, determining that Joseph was not disabled. AR 14-22, 116-20, 126-41. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107,

1

1110 (6th Cir. 1984); 20 C.F.R. § 404.1520, the ALJ found that Joseph had not engaged in substantial gainful activity since January 26, 2007, his alleged onset date; that he had "severe" impairments consisting of chronic obstructive pulmonary disease ("COPD") and back pain; that his impairments or combination of impairments did not meet or medically equal one of the Commissioner's Listings of Impairment; that he retained the residual functional capacity ("RFC") to perform light-level exertion with certain physical and mental limitations; and that based on his RFC and the testimony of a Vocational Expert ("VE"), a significant number of unskilled jobs exists in the economy that Joseph could perform. AR 19-21. The ALJ thus denied his claim for disability. AR 22. The Appeals Council declined to review, AR 1-3, and this action followed. Joseph's assertions on review are that: (1) the ALJ improperly discounted the opinions of Dr. Melissa Couch and Dr. James Chaney; (2) the ALJ improperly discounted Joseph's credibility; (3) evidence not submitted to the ALJ warrants remand; and (4) information on Joseph's death certificate warrants remand.

     The ALJ properly weighed the opinions of Drs. Couch and Chaney. Dr. Couch conducted a consultative psychological examination on May 3, 2007, and noted that Joseph presented problems consistent with mild chronic depression and problems with anxiety. AR 490-91. Joseph claimed memory problems but appeared to remember well and his concentration appeared to be intact. He had a good fund of information and ability to reason abstractly. AR 491-92. Dr. Couch diagnosed a pain disorder, a dysthymic disorder, and an anxiety disorder, with a

current Global Assessment of Functioning ("GAF") score of 50.  AR 492.  A GAF score in this range reflects serious symptoms or any serious impairment in social, occupational, or school functioning.  *See Diagnostic and Statistical Manual of Mental Disorders* (4th Ed.--Text Revision), p. 34.  Despite this GAF score, Dr. Couch specifically opined that Joseph was able to recall, understand, and execute basic instructions; could complete simple one- or two-step instructions; had adequate concentration and attention; appeared to be able to perform simple, repetitive tasks and would be able to adequately relate to peers, coworkers, and supervisors; was only mildly impaired in his ability to adapt to change; had a good ability to follow work rules and maintain appropriate behavior without disrupting others; and would be able to work with the general public and to work with objects.  AR 493.  She felt that Joseph would have difficulty coping with the stress and pressure of a typical work setting, difficulty meeting deadlines and production quotas, and difficulty maintaining persistence and pace.  *Id.*  Joseph's only argument concerns the GAF score of 50 rather than the limitations in the psychologist's narrative statement; he asserts that the record contains no evidence to support the ALJ's rejections of "serious" symptoms.  However, the ALJ stated in detail that the GAF was not consistent with the findings in the body of Dr. Couch's report, where she emphasized that Joseph appeared to be only mildly depressed, with an intact ability for attention and concentration and an ability to relate to others.  AR 17.  The ALJ further noted that state agency reviewing psychologists Laura Cutler and H. Thompson Prout reviewed Dr. Couch's report

3

and opined that Joseph did not have a "severe" mental impairment.  AR 17, 502, 517.  The ALJ went on to review counseling notes from Kentucky River Community Care ("KRCC") reflecting treatment only by counselors not considered to be acceptable medical sources under the Commissioner's regulations.  AR 1068-82; 20 C.F.R. §§ 404.1513, 416.913.  The ALJ also cited a subsequent psychological evaluation by Dr. Jeanne M. Bennett on June 26, 2010, that contained indications of malingering and poor effort.  AR 18, 1124-29.  The ALJ found that the weight of the evidence supported the opinions of the state agency reviewers that there was no "severe" impairment.  AR 18.  Additionally, Dr. Couch was only a one-time examiner whose opinion is not entitled to controlling weight.  As a result, Joseph's contention that there was no evidence to support the ALJ's rejection of Dr. Couch's GAF score is without merit.

The ALJ also gave "good reasons" for rejecting the restrictions given by Dr. James A. Chaney, who was a treating source.  Dr. Chaney provided a very restrictive assessment of Joseph's ability to work, including a limitation to less than full-time standing and walking, never performing any postural activities, and total restriction from work around environmental irritants and occupational hazards.  AR 1119.  The ALJ correctly noted that these restrictions were starkly at odds with Dr. Chaney's office notes, which contained repeated indications that the plaintiff was not disabled.  AR 1051, 1053, 1055, 1057.  In addition, the ALJ cited objective x-rays and an MRI of the lumbosacral spine obtained by Dr. Chaney

4

which showed degenerative changes but no acute fracture, high grade spinal stenosis or definite disc herniation. AR 1059, 1061.

The ALJ also noted that despite Joseph's frequent medical treatment for breathing problems, his condition responded favorably to treatment and he persisted in smoking against medical advice. AR 20, 69, 91-92, 428, 452, 577, 863, 1034, 1125, 1132, 1181. It is "difficult to envision a severe environmental restriction imposed by a pulmonary condition when the claimant was a heavy smoker." *Mullins v. Sec'y of Health and Human Servs.*, 836 F.2d 980, 985 (6th Cir. 1987). Instead, the ALJ gave greater weight to the restrictions given by Dr. Barry Burchett, a consultative physical examiner, who found few abnormalities on examination other than some wheezing, although Joseph was not short of breath. He also found a normal ability to manipulate and a normal range of motion, with no spasm or tenderness of the spine and no neurological abnormalities. AR 1134-1135, 1139.

The opinion of a treating physician such as Dr. Chaney is entitled to controlling weight only where it is supported by objective signs, symptoms, and laboratory findings and is not inconsistent with other substantial evidence of record. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The ALJ's detailed explanation of why Dr. Chaney's opinion was not consistent with his objective findings or other evidence fulfills the reason-giving requirement of these regulations, *see Wilson v. Comm'r of Social Security*, 378 F.3d 541, 544 (6th Cir.

5

2004), and provides substantial evidence to support his decision. Therefore, the ALJ did not err in discounting Dr. Chaney's opinion.

Joseph also cursorily argues that the ALJ failed to provide a specific rationale for discounting his credibility. He suggests that the ALJ discounted his breathing problems because he did not show distress during the oral hearing. This was only one of the reasons cited by the ALJ. AR 19. The ALJ additionally cited Joseph's continuation of smoking against medical advice and his improvement with breathing treatments. AR 20. The ALJ also cited Joseph's daily activities, AR 134, and the implausibility of his descriptions of the severity of his pain in contrast to the limited objective findings, AR 20. In this regard as well, the ALJ did not err.

Joseph cites certain additional evidence from KRCC that he submitted to the Appeals Council as necessitating a remand, but other than reflecting continued treatment, those records primarily show that Joseph was suffering situational stressors due to finances and do not contain any evidence regarding specific restrictions. AR 1258-83. Joseph also cites the report of a hospitalization on January 29, 2012, which took place after the Appeals Council decision, but he has not attached a copy of that report to his brief. The submitted evidence is neither new nor material, nor was good cause given for failing to submit it to the ALJ, and it is thus inadequate to support a remand. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148-9 (6th Cir. 1996).

6

Finally, in a response brief filed August 14, 2012, Joseph's counsel submits a copy of his death certificate indicating that Joseph passed away on June 21, 2012, with the causes of death listed as cardiorespiratory arrest, COPD, and black lung. R 19-1. Counsel suggests that this evidence provides a basis for remand for further consideration by the ALJ. A death certificate is not new and material evidence, however, because it does not demonstrate that an ALJ's prior ruling concerning the claimant's condition at an earlier date was not supported by substantial evidence. *See Elliott v. Apfel*, 28 Fed. App'x 420, 425 (6th Cir. 2002).

The ALJ properly applied the relevant legal standards and his decision is supported by substantial evidence. Accordingly,

**IT IS ORDERED** that Joseph's motion for summary judgment, R. 17, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 18, is **GRANTED**.

The court will enter a separate judgment.

Signed on January 3, 2013

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7